## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **John C. Schwietert and Barbara L. Schwietert,** | Bankruptcy No. 19-35605 |
| Debtors. | Honorable A. Benjamin Goldgar |
| **Ilene F. Goldstein,** not individually but as Chapter 7 trustee of the bankruptcy estate of **John C. Schwietert and Barbara L. Schwietert,** | Adversary No. |
| Plaintiff, | |
| v. | |
| **PAUL ORZECH ,** | |
| Defendant. | |

## ADVERSARY COMPLAINT TO AVOID POST PETITION TRANSFER, VIOLATIONS OF THE AUTOMATIC STAY AND <u>DISALLOW CLAIM</u>

Ilene F. Goldsein, not individually but as the chapter 7 trustee (the "*Trustee*" or "*Plaintiff*") of the bankruptcy estate (the "*Estate*") of **John C. Schwietert and Barbara L. Schwietert** (the "*Debtors*") brings this adversary action, pursuant to 11 U.S.C. §§ 362, 542, 549 and 727 against **PAUL ORZECH** ( "*Defendant*"):

### JURISDICTION AND VENUE

1. This adversary proceeding arises in the Debtor's Chapter 7 bankruptcy case, pending before this Court as case number 15-16993 (the "*Case*").

2. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

1

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(N), and (O), and this Court has constitutional authority to enter final judgments and orders thereon.

4. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Trustee consents, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

5. This Court is the proper venue for this adversary proceeding, pursuant to 28 U.S.C. § 1409.

## FACTS

### I. The Parties.

6. Plaintiff is the duly appointed chapter 7 trustee of the Estate.

7. Defendant is an individual residing at 36115 Quarry Ridge Road, Steamboat Springs, Colorado 80488.

### II. The Real Estate

8. On December 18, 2019, the Debtors commenced their bankruptcy case (the "**Petition Date**") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**").

9. On or about February 9, 2004, the Debtors purchased vacant land known as Lot 803, Las Campanas Estates VII, Unit 1 in Santa Fe, New Mexico (the "**Real Estate**")

10. As of the Petition Date, the Debtors jointly owned the Real Estate which consisted of an undeveloped parcel of land with a mortgage of approximately $15,000.

### III. Unsecured Loan

11. On or about July 2019, the Defendant asserts he provided an unsecured loan to the Debtors of $17,000 (the "Unsecured Loan").

12. Initially, the Defendant did not take any security for the Unsecured Loan, and no paperwork was signed.

13. On information and belief, the Defendant learned after making the Unsecured Loan of the uncertain financial condition of the Debtors, and decided to further document the Unsecured Loan.

14. On December 4, 2009, John Schwietert signed a note purportedly granting some type of interest in the Real Estate to the Defendant (the "Note").

15. The Note was not signed by Barbara L. Schwietert, a co-owner of the Real Estate, and therefore the Note would be ineffective against her interest in the Real Estate.

16. On December 18, 2019, the Debtors filed their bankruptcy.

17. On December 19, 2019, notice of the Debtors' bankruptcy was served on the Defendant.

18. On December 26, 2019, the Defendant recorded the Note with the Santa Fe County Recorder in the state of New Mexico Instrument No. 1905320 (the "Post-Petition Recording"). Attached Hereto as Exhibit A is a copy of the Post-Petition Recording.

19. The Defendant intended to secure the Unsecured Loan by making the Post-Petition Recording.

20. On February 25, 2020, the Defendant filed a proof of claim asserting his alleged security interest in the Real Estate, which was docketed as claim No. 4 (the "Claim").

21. In August 2020, the Defendant was contacted by the Trustee's representative informing him that his Post-Petition Recording violated the automatic stay, and that the Claim should be an unsecured claim.

22. In September 2020, the Defendant informed the Trustee's representative that he knew about the Debtor's bankruptcy, and knew that he had recorded the note post-petition.

23. Despite the obvious defects with the Post-Petition Recording, the Defendant believed he holds a valid secured claim in the Real Estate, and refused to take any steps to correct his violation of the automatic stay.

24. Due to the Defendant's actions, the Trustee has had to file this Adversary to clear title to the Real Estate in conjunction with selling it.

## COUNT I – AVOID POST PETITION TRANSFER
## 11 U.S.C. § 549

25. The Trustee incorporates herein all of the prior allegations of this Complaint as if set forth below.

26. Pursuant to 11 U.S.C. § 541(a)(1), as of the Petition Date, the Real Estate is an asset of the Estate.

27. The Post-Petition Recording was potentially a transfer of some interest of property of the estate to the Defendant.

28. The Post-Petition Recording was not authorized under the Bankruptcy Code.

29. Pursuant to section 549 of the Bankruptcy Code, the Post-Petition Recording constituted an unauthorized post-petition transfer.

30. Pursuant to section 549 of the Bankruptcy Code, the Trustee can avoid the Sale of the Post-Petition Recording.

**WHEREFORE**, Ilene F. Goldsein, not individually, but as Chapter 7 Trustee of the bankruptcy estate of **John C. Schwietert and Barbara L. Schwietert**, respectfully requests that this Court:

(i) Pursuant to 11 U.S.C. § 549, find that Post-Petition Filing was an unauthorized post-petition transfer.

(ii) Pursuant to 11 U.S.C. § 349, avoid the Post-Petition Filing;

(iii) Pursuant to 11 U.S.C. § 550, void the Post-Petition Filing, and find that the Defendant has no security interest in the Real Estate;

(iv) Direct the Defendant to execute a release of the Post-Petition Filing; and

(iii) Grant the Trustee such other relief as is just.

## COUNT II – VIOLATIONS OF THE AUTOMATIC STAY
## 11 U.S.C. § 362

31. The Trustee incorporates herein all of the prior allegations of this Complaint as if set forth below.

32. As of the Petition Date, the Debtor's interest in Real Estate came within the protective scope of the automatic stay provisions of 11 U.S.C. § 362(a)(3).

33. On information and belief, at all times relevant to this adversary proceeding, the Defendant knew of the pendency of the Debtor's bankruptcy case.

34. On information and belief, the Defendant's actions to exercise of control over property of the Debtors' estate, including constitute willful violations of the automatic stay.

35. The Trustee is an individual, pursuant to 11 U.S.C. § 362(h) (current section 362(k)(1)) who has been injured by the Defendant's willful violations of the automatic stay, in amounts including her fees and costs incurred in connection with the prosecution of this adversary proceeding.

36. Pursuant to 11 U.S.C. § 362(h), the Trustee is entitled to (a) actual damages arising from the Defendant's willful violations of the automatic stay, including the Trustee's professional fees and costs incurred in connection with the prosecution of this adversary proceeding, and (b) to the extent that this Court deems appropriate, punitive damages.

**WHEREFORE**, Ilene F. Goldsein not individually, but as Chapter 7 Trustee of the bankruptcy estate of **John C. Schwietert and Barbara L. Schwietert**, respectfully requests that this Court:

(i) Declaring that the Defendant's exercise of control over property of the Debtor's estate constitute willful violations of the automatic stay;

(ii) Awarding the Trustee actual damages, pursuant to 11 U.S.C. § 362(h), arising from the Defendant's willful violations of the automatic stay, including the Trustee's professional fees and costs incurred in connection with the prosecution of this adversary proceeding;

(iii) Awarding the Trustee punitive damages, pursuant to 11 U.S.C. § 362(h), arising from the Defendant's willful violations of the automatic stay, in an amount that this Court deems appropriate;

(iv) Declaring that the Post-Petition Recording is null and void as a violation of section 362 of the Bankruptcy Code.

(iv) Granting such other relief as this Court deems just.

### COUNT IV – DISALLOWANCE AND SUBORDINATION OF CLAIM
### 11 U.S.C. §§ 502

37. The Trustee incorporates herein all of the prior allegations of this Complaint as if set forth below.

5

38. The Defendant attempted a post-petition transfer of assets of the Debtor by filing the Post-Petition Recording.

39. Section 502(d) provides that the court shall disallow any claim of any entity which property is recoverable under section 549.

40. Further, pursuant to section 510, this court may subordinate a claim for purposes of distribution.

41. Defendant knows that he violated the automatic stay, and attempted to record an interest in the Real Estate.

42. Defendant upon learning of his misconduct has refused to take steps to correct his actions.

43. Pursuant to section 502(d) the Trustee requests that any claim by the Defendant be disallowed in its entirety.

44. In the alternative, pursuant to section 510, the Trustee requests that any allowed claim of the Defendant be subordinated to general unsecured claims.

**WHEREFORE**, Ilene F. Goldsein, not individually, but as Chapter 7 Trustee of the bankruptcy estate of **John C. Schwietert and Barbara L. Schwietert**, respectfully requests that this Court:

(i) Pursuant to section 502(d), disallow any Claim of the Defendant in its entirety;

(ii) In the alternative, pursuant to section 510, subordinate any allowed claim of the Defendant to general unsecured claims; and

      (iii)    Granting such further relief as is fair and just.

Dated: September 11, 2020          Ilene F. Goldsein, not individually but solely as the chapter 7 trustee of the bankruptcy estate of **John C. Schwietert and Barbara L. Schwietert**,

By: */s/ Zane L. Zielinski*
One of his attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com